UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
(at London)

| | | |
|---|---|---|
| TAMIKO WALKER, | ) | |
| | ) | |
| Petitioner, | ) | Civil Action No. 6: 18-5-DCR |
| | ) | |
| v. | ) | |
| | ) | |
| B. J. BURKHART, | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Respondent. | ) | |

*** *** *** ***

Tamiko Walker is a pre-trial detainee currently confined at the Harlan County Detention Center ("HCDC") in Harlan, Kentucky. Proceeding without counsel, Walker has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. [Record No. 1]

The Court conducts an initial review of habeas corpus petitions. 28 U.S.C. § 2243; *Alexander v. Northern Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011). A petition will be denied "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts (applicable to § 2241 petitions pursuant to Rule 1(b)). Walker's petition is evaluated under a more lenient standard because he is not represented by an attorney. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). At this stage of the proceedings, the Court accepts the petitioner's factual allegations as true and construes all legal claims in his favor. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007).

Walker is currently being held in the HCDC pending resolution of state criminal charges filed against him by the Commonwealth of Kentucky in *Commonwealth v. Walker*,

No. 17-cr-115, 17-cr-116, 17-cr-117 (Cir. Ct. Harlan Co. 2017). His petition asserts that his speedy trial rights are being violated in criminal proceedings pending in the Harlan County Circuit Court. Walker states that he has raised the speedy trial issue at several pre-trial court dates and attaches a motion to dismiss the indictment on speedy trial violation grounds filed on March 14, 2018 by his attorney in his criminal proceedings. [Record No. 1, Exhibit 1] He contends that this was overruled by the state Circuit Court judge on April 5, 2018. Walker also claims that that state court has set an unreasonable bond and attaches a motion to reduce bond filed by his attorney in his criminal case in March 2018. [Record No. 1, Exhibit 2] His petition requests that this Court dismiss his state criminal case. [Record No. 1 at p. 8]

While a habeas corpus petition filed under § 2241 by a pretrial detainee in state custody may be used to challenge his prosecution prior to judgment, *Phillips v. Court of Common Pleas, Hamilton Co., Ohio*, 668 F.3d 804, 809 (6th Cir. 2012), the instances in which such person may do so are "rare" and "such claims are extraordinary." *Christian v. Wellington*, 739 F.3d 294, 297 (6th Cir. 2014). Indeed, "although § 2241 establishes jurisdiction in the federal courts to consider pretrial habeas corpus petitions, the courts should abstain from the exercise of that jurisdiction if the issues raised in the petition may be resolved either by trial on the merits in the state courts or by other state procedures available to the petitioner." *Atkins v. People of State of Mich.*, 644 F.2d 543, 546 (6th Cir. 1981).

As further explained by the United States Court of Appeals for the Sixth Circuit in *Atkins*:

> Abstention from the exercise of the habeas corpus jurisdiction is justified by the doctrine of comity, a recognition of the concurrent jurisdiction created by our federal system of government in the separate state and national sovereignties. Intrusion into state proceedings already underway is warranted only in extraordinary circumstances. Thus the doctrine of exhaustion of state remedies

> has developed to protect the state courts' opportunity to confront initially and resolve constitutional issues arising within their jurisdictions and to limit federal judicial interference in state adjudicatory processes. **This argument is especially forceful in a situation involving a speedy trial claim, because the drastic nature of the relief usually granted, dismissal of the case . . . could not be more disruptive of pending state actions.**

*Id*. (citations omitted) (emphasis added). *See also Gully v. Kunzman*, 592 F.2d 283, 286 (6th Cir. 1979) (acknowledging federal courts' authority to consider a habeas corpus petition before a judgment of conviction is entered, but noting that "considerations of federalism counsel strongly against exercising the power except in the most extraordinary circumstances").

Thus, "[p]rinciples of comity and federalism require federal courts to abstain from deciding pre-conviction habeas challenges unless the petitioner demonstrates that: (1) he has exhausted available state court remedies, and (2) 'special circumstances' warrant federal intervention." *Brown v. Bolton*, No. 3:09–cv–P513–S, 2010 WL 1408014 (W.D. Ky. April 1, 2010). Indeed, "[h]abeas petitioners must exhaust all available state court remedies before proceeding in federal court, and this usually requires that they appeal an adverse decision all the way to the state's court of last resort." *Phillips*, 668 F.3d at 810. *See also Fisher v. Rose*, 757 F.2d 789, 792 (6th Cir. 1985) (noting that "exhaustion of state remedies is required in the absence of unusual circumstances . . . and has often been required when a petitioner asserts in a petition for a writ of habeas corpus prior to trial that his right to a speedy trial had been violated.") (citations omitted).

Here, although Walker checks a box on his petition indicating that he has exhausted all judicial remedies with respect to the issues raised in his petition, he appears to be referring to the motions filed in the Harlan Circuit Court seeking dismissal of the indictment and reduction of his bond. [Record No. 1 at p. 4-5] He makes no indication that he has pursued his claims

further with the Kentucky Court of Appeals or the Supreme Court of Kentucky. Moreover, a review of the online records for both courts indicates that no further requests for relief have been filed by Walker with respect to either of his claims. *See* Office of the Clerk of the Appeals Court of Kentucky, Case Information, http://apps.courts.ky.gov/Appeals/COA_Dockets.shtm (last visited May 25, 2018); Office of the Clerk of the Supreme Court of Kentucky, Supreme Court Case Information, http://apps.courts.ky.gov/supreme/sc_dockets.shtm (last visited May 25, 2018).[1] Thus, Walker does not appear to have exhausted his available state court remedies with respect to his claims.

Likewise, the allegations of Walker's petition do not suggest the existence of other "special circumstances" that would warrant this Court's intervention into Walker's Kentucky criminal proceedings. To the contrary, based on Walker's submissions to this Court, it appears that Walker is being represented by counsel in his Kentucky criminal case who appears to be actively seeking dismissal of the charges against Walker and preserving Walker's rights to a speedy trial.

As outlined above, considerations of federalism and comity strongly counsel against this Court's intrusion into Walker's Kentucky criminal proceedings. Thus, this Court will abstain from exercising habeas jurisdiction over Walker's claims and deny his § 2241 petition without prejudice to afford him the opportunity to exhaust his remedies available through the Kentucky court system prior to seeking federal habeas relief.

Accordingly, it is hereby

---

[1] The Court "may take judicial notice of proceedings in other courts of record." *Granader v. Public Bank*, 417 F.2d 75, 82-83 (6th Cir. 1969); *see also* Fed. R. Evid. 201(b)(2). Records on government websites are self-authenticating. *See* Fed. R. Evid. 902(5).

**ORDERED** as follows:

1. Walker's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 [Record No. 1] is **DENIED**, without prejudice.

2. This action is **DISMISSED** and **STRICKEN** from the Court's docket.

This 25th day of May, 2018.

Signed By:
*Danny C. Reeves* DCR
United States District Judge